## THE PEOPLE *v.* AWA.

COMPETENCY OF WITNESSES.—A restriction upon the competency of a witness must be strictly construed in favor of life, liberty, and public justice.

CHINESE WITNESSES.—A defendant in a criminal case who is a Chinaman is entitled to introduce Chinese witnesses in his behalf.

*Per* SANDERSON, C. J.—The words "in favor of or against any white person," in the Act prohibiting persons of one half or more Indian blood, or Mongolian or Chinese, from giving evidence, refer to the defendant alone in a criminal action.

APPEAL from the District Court, Eighth Judicial District, Del Norte County.

The defendant appealed.

The other facts are stated in the opinion of the Court.

*J. P. Haynes*, for Appellant.

*J. G. McCullough, Attorney-General*, for the People.

By the Court, SAWYER, J.

The appellant, a Chinaman, was convicted of manslaughter. On the trial he offered another Chinaman as a witness on his behalf. The District Attorney objected to his examination on the ground, that he is incompetent to testify for or against a white person, and the testimony of the witness was excluded by the Court. Section fourteen of the "Act concerning crimes and punishments," relied on by respondents, reads as follows: " No Indian, or person having one half or more of Indian blood, or Mongolian, or Chinese, shall be permitted to give evidence in favor or against any white person." (Laws 1863, p. 69.)

This restriction upon the competency of a witness must be strictly construed in favor of life, liberty and public justice. The people as a political organization—the State—and not any individual member of the community, is the party on one

side. The terms of the Act do not strictly apply to the People as a political organization, and we think the plaintiff —the State—is not a white person within the meaning of its provisions.

For this error the judgment must be reversed and a new trial had, and it is so ordered.

SANDERSON, C. J., concurring.

The words " in favor or against any white person," found in the fourteenth section of the Act concerning crimes and punishments, are manifestly intended to refer to the defendant only in a criminal action, and not to the plaintiff. If we read them as referring to the People as well as to the defendant, the effect is to exclude the races in question from the witness stand in all cases, regardless of the race of the defendant, for in criminal actions the plaintiff is always the same. Such however was not the intention of the Legislature. Had it been, they would have declared the incompetency of the races in question in general terms unaccompanied by words of limitation. Where the defendant in a criminal action is a white person, Indians and Mongolians are incompetent witnesses, but in all other cases their competency is unaffected by the statute in question.